UNITED STATES of America,
Plaintiff—Appellee,

v.

Henry Sir Hin WONG, Defendant—
Appellant.

No. 07–10191.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 2008.

Filed Feb. 25, 2008.

Robert L. Ellman, Esq., Thomas S. Dougherty, Esq., Brian J. Quarles, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Monique N. Kirtley, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, Michael J. Kennedy, Esq., Federal Public Defender, Dan C. Moloney, Reno, NV, for Defendant–Appellant.

Before: WALLACE, SCHROEDER, Circuit Judges, and BENITEZ,* District Judge.

## MEMORANDUM**

Henry Sir Hin Wong ("Wong") appeals his sentence of fifteen months imprisonment following a conviction for wilfully assisting the filing of a false tax return in violation of 26 U.S.C. § 7206(2) and for making false statements to a federal agency in violation of 18 U.S.C. § 1001. On appeal, Wong alleges three errors. First, Wong contends that the district court improperly limited his inquiry into the scope of immunity received by the Government witness. Second, Wong claims that the district judge improperly overruled his hearsay and Confrontation Clause objections and admitted tax returns of an absent taxpayer into evidence. Finally, Wong raises numerous challenges to the district court's jury instructions.

■ A different probative value attaches to the testimony of cooperating Government witnesses depending on whether the sentence is mandatory or merely potential in nature. *See United States v. Larson*, 495 F.3d 1094, 1106 n. 13 (9th Cir.2007) (en banc). A district judge can properly exclude "testimony regarding the *potential* sentence that the witness faced in the absence of cooperation with the government." *See id.* n. 12 (emphasis in original) (internal citations omitted).

■ Additionally, in this case "the [tax] returns were admitted not for the truth of their contents but to establish the existence of" an improperly claimed deduction. *See United States v. Solomon*, 825 F.2d 1292, 1299 (9th Cir.1987). Accordingly, they were not hearsay. Furthermore, contrary to Wong's argument, even if the absent taxpayer's return was not admitted for the truth of the matter asserted, suffi-

cient evidence still supports the jury's finding that the return was false, based on the testimony of the taxpayer's father. There is also no Confrontation Clause violation because Wong had an opportunity to confront the witness who testified against him.

■ Finally, jury instructions adequately covered the defense theory of the case. *See United States v. Joetzki*, 952 F.2d 1090, 1095 (9th Cir.1991). "The district court was not required to give a 'good faith belief' instruction ... because the jury was instructed to find specific intent as an element of section 7206(2)[.]" *Solomon*, 825 F.2d at 1297. The instructions also encompassed all of the elements of the offense proposed by Wong, and the court properly instructed the jurors to decide each count separately.

Wong also appealed the court's definition of "willfulness" in another jury instruction. The district court adequately explained this element to the jury. The jury was correctly instructed—in accordance with the Ninth Circuit Model Jury Instructions: Criminal § 9.38 (2003)—regarding the definition of "willfulness." The court was not required to adopt Wong's proposed instruction because the jury was adequately informed that the government had the burden of proving that Wong acted wilfully. On appeal, Wong claims that our decision in *United States v. Cohen*, 510 F.3d 1114, 1124 n. 6 (9th Cir.2007), indicates that the court improperly defined "willfulness." *Cohen* is not precedent for the proposition that the jury instruction in question must include "knowledge." Although *Cohen* refers to the Ninth Circuit Model Jury Instruction 5.5 to define "willfulness," instruction

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by the Ninth Circuit Rule 36–3.

4

9.38—not 5.5—governs the offense of assisting in filing false tax returns.

**AFFIRMED.**